#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF GEORGIA
#### ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY COOK, | : | CIVIL ACTION NO. |
| LAWRENCE L. CRAWFORD, | : | 1:14-CV-03713-TCB-JSA |
| a/k/a Jonah Gabriel, | : | |
| JOHN MILLS, | : | |
| JOHN E. SUTCLIFFE, | : | |
| FREDDRICK HOWELL, | : | |
|     Plaintiffs, | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |
| v. | : | |
| | : | |
| JUDGE TIMOTHY C. BATTEN, et al., | : | |
|     Defendants. | : | |

### MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiffs Anthony Cook, Lawrence L. Crawford, John Mills, John E. Sutcliffe, and Freddrick Howell, inmates at the Lieber Correctional Institution, a state prison in Ridgeville, South Carolina, have filed a joint civil action. (Doc. 1). No Plaintiff has paid the initial filing and administrative fees of $400.00. Each Plaintiff has instead submitted a financial affidavit seeking leave to proceed *in forma pauperis* ("IFP") (Docs. 2-6), although no affidavit is in compliance with the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915.

The Eleventh Circuit has held that a district court "properly dismissed a multi-plaintiff action," in which a majority of the eighteen prisoner-plaintiffs had filed

AO 72A
(Rev.8/82)

separate *in forma pauperis* petitions, "[b]ecause the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee." *Hubbard v. Haley*, 262 F.3d 1194, 1195, 1198 (11th Cir. 2001) (affirming district court's order dismissing original complaint without prejudice and opening new civil action for each plaintiff). The Eleventh Circuit noted that "the district court adhered to the clear language of the PLRA and ruled that each prisoner must bring a separate suit in order to satisfy the Act's requirement that each prisoner pay the full filing fee." *Id.* at 1197; *see also Bowens v. Turner Guilford Knight Det.*, 510 Fed. Appx. 863, 863 (11th Cir. 2013) (affirming "dismissal without prejudice of [appellant's] 42 U.S.C. § 1983 complaint, in which six inmates joined their claims together in a single suit," and noting that "[t]he district court held that to conform to the . . . PLRA[], as interpreted by *Hubbard* . . ., each inmate must file a new, individual complaint, and either pay the full filing fee or submit an individual motion to proceed . . . IFP[]"); *Adams v. Sheriff of Duval County*, No. 3:12-cv-762-J-12JBT, 2012 U.S. Dist. LEXIS 96501, at *1-2 (M.D. Fla. July 11, 2012) (citing *Hubbard*, dismissing multi-plaintiff prisoner action without prejudice, and directing clerk to send to each prospective prisoner-plaintiff a civil rights complaint form and affidavit of indigency).

In addition, it is almost impossible to discern from the Plaintiffs' 2,087-page

2

complaint, including attachments, what their claims are or whom they are suing and based on what facts. The complaint is a classic example of a shotgun pleading, only more so, because much of it is unrelated to any *possible* claim for relief in a court of law. (*See generally* Doc. 1). Like most shotgun pleadings, the complaint fails "to identify claims with sufficient clarity to enable the defendant[s] to frame a responsive pleading." *See Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005). When a plaintiff presents a shotgun pleading, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trs. of Central Fla. Community Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see Beckwith*, 146 Fed. Appx. at 372 ("It is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant."). In the case at hand, it is also virtually impossible to identify whom the Plaintiffs are intending to sue. Indeed, Plaintiffs begin with a 9-page letter that attaches several other documents, including entire complaints that appear to have been filed in other jurisdictions. The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" shotgun pleadings, *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008), because they "wreak havoc on the judicial system," *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). *Pro*

3

*se* complaints, though construed liberally, still must comply with procedural rules governing pleadings. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**IT IS RECOMMENDED** that this civil action be **DISMISSED without prejudice** and that the Clerk be **DIRECTED** to send to each Plaintiff a civil rights complaint form and financial affidavit, together with a copy of the Order adopting this Report and Recommendation, so that each Plaintiff may file his own separate civil action, should he elect to do so.

Each Plaintiff is **ADVISED** that to initiate a new civil action *in forma pauperis* he must do so individually, and must do the following: (1) he must either (a) submit the full initial filing and administrative fees of $400.00 for his newly opened case or (b) sign and return a financial affidavit, seeking leave to proceed IFP, that includes an authorization allowing his custodian to withdraw funds from his inmate account and a completed certificate from an authorized institutional officer regarding the current balance in that account; and (2) he must complete and submit a new complaint form.

Each Plaintiff is **CAUTIONED** not to submit another shotgun complaint, and is **DIRECTED** to do the following in preparing his new complaint form: write on only one side of each page of the form; **ADD NO MORE THAN TWENTY PAGES TO THE FORM**; provide the name of each intended defendant(s); provide only factual

allegations concerning events in which Plaintiff has suffered a past injury or that lead Plaintiff to believe that future injury is likely; identify clearly each defendant responsible for an alleged past injury or who allegedly has ignored Plaintiff's requests for protection from future injury, and facts that demonstrate that defendant's responsibility; omit legal arguments and conclusions; provide information regarding the administrative relief that Plaintiff has pursued (including any grievances filed); and provide detailed information on all civil actions that Plaintiff has previously filed while a prisoner or detainee.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 15th day of December, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE