IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHONY COOK, LAWRENCE L. CRAWFORD, a/k/a Jonah Gabriel, JOHN MILLS, JOHN E. SUTCLIFFE, and FREDDRICK HOWELL,<br><br>     Plaintiffs,<br><br>v.<br><br>JUDGE TIMOTHY C. BATTEN, et al.,<br><br>     Defendants. | 1:14-cv-3713-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [8]. The R&R considers the joint civil Complaint [1] filed by Plaintiffs Anthony Cook ("Cook"), Lawrence L. Crawford ("Crawford"),[1] John Mills, John E. Sutcliffe, and Freddrick Howell (collectively, "Plaintiffs"). Also before the Court are Plaintiffs' "Objections" [16], Motion for Recusal, Motion Seeking Ruling of Law, Motion for an Evidentiary Hearing,

---

[1]  Crawford also identifies himself as "Lawrence L[.] Crawford AKA John Gabriel Jahjah T. Tishbite." (See [26]).

Motion to Add Magistrate Judge Anand as a Party [13], and Crawford's application for Post-Conviction Relief [26].

## I. BACKGROUND

This is the latest in a series of *pro se* filings by Plaintiffs, who are incarcerated at the Lieber Correctional Institution, a state prison located in Ridgeville, South Carolina.[2]

---

[2] In In re: Anthony Cook, John Sutcliffe, & Frederick Howell, 589 F. App'x 44 (3d. Cir. 2014), Plaintiffs filed a petition seeking mandamus relief. In the petition, Plaintiffs complained about various state court proceedings in South Carolina and New Jersey, and they requested that the Third Circuit "remove Judge Griffith from their South Carolina case, to appoint legal counsel to represent them in their South Carolina and New Jersey cases, and to repair inmate [Crawford's] word processor." Id. at 45. In their petition, Plaintiffs sought "discovery in Crawford's case . . . contending that he is being framed in South Carolina" for murdering his daughter. Id. The Court noted that "[t]o the extent that [Plaintiffs] are challenging the handling of . . . cases in the state courts of South Carolina and New Jersey and the actions of state officials with respect to those cases, [Plaintiffs] do not allege an action or omission by a United States District Court or federal official within this circuit over which we might exercise our authority by way of mandamus." Id. Plaintiffs' mandamus action was dismissed on the ground that the Court did not have authority to issue mandamus relief "with respect to actions by state courts and state officials," and because Plaintiffs lacked standing to seek mandamus relief in connection with Crawford's criminal case. Id. at 44-45.

Plaintiffs have also filed multiple actions in the United States District Courts. See Crawford et al. v. Unnamed, 3:13-cv-434-JGH (W.D. Ky. July 1, 2013), ECF. No. 6 (dismissing Plaintiffs' action because Plaintiffs did not respond to the court's order directing them to "correct numerous defects" in their action); Cook et al. v. United States et al., No. 3:13-cv-2559-AET-LHG (D. N.J. Feb. 6, 2014), ECF. No. 6 (Plaintiff Cook's case dismissed for failure to pay the filing fee and court declined to reopen case because Plaintiff Cook did not comply with the court's order to "submit a pleading setting forth his claims and the factual predicate

2

On November 17, 2014, the Clerk received and docketed a 2,087-page document, including over 30 attachments and exhibits, labeled "RE: Filing and Initiating a New § 1983 Action" (the "Complaint") [1].  Overall, the Complaint is difficult, if not impossible, to discern what claims for relief Plaintiffs seek to assert and against whom they seek to bring these unspecified claims.[3]  Each Plaintiff involved in this action submitted separate financial affidavits seeking leave to proceed *in forma pauperis* ("IFP"), without paying the required filing fee.  (See [2, 3, 4, 5, 6]).

On December 15, 2014, the Magistrate Judge recommended that this action be dismissed without prejudice.  The Magistrate Judge relied on Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), in which the Eleventh Circuit held that dismissal of a multi-plaintiff action, consisting of eighteen prisoner-plaintiffs, was proper "based on [the prisoner-plaintiffs'] failure to file separate complaints and pay

---

of those claims"); Cook et al. v. Judge Simpson III et al., No. 3:14-cv-589-DJH (W.D. Ky. Oct. 8, 2014), ECF No. 13-14 (dismissing Plaintiffs' claims for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3)); Cook et al. v. Judge Charles R. Simpson III, et al., No. 14-6523-JAP (D. N.J. Oct. 23, 2014), ECF No. 2 (Plaintiffs filed Section 1983 action without paying filing fee, court administratively terminated case).

[3]   Although Plaintiffs list "Judges Batten, Carnes, and King" (the "Judges") as Defendants to this action, the Complaint does not assert any factual allegations or legal claims against the Judges, and Judge Batten is the only "Defendant" actually listed in the caption of the Complaint.  (See Compl. at 2).

3

separate filing fees." Id. at 1198. The Magistrate Judge also recommended dismissal because Plaintiffs' Complaint is an impermissible shotgun pleading.[4]

On December 22, 2014, Plaintiffs filed several "motions" [13] consisting of 95 handwritten pages.[5] Plaintiffs appear to request a ruling on their "pending motions," and to add Magistrate Judge Anand as a Defendant. Plaintiffs also move for an evidentiary hearing, an extension of time to respond to the R&R,[6] and for Judge Batten to recuse from this case.[7]

On January 27, 2015, Plaintiffs untimely filed their "objections" to the R&R.

---

[4] The Magistrate Judge also advised Plaintiffs "that to initiate a new civil action [IFP] he must do so individually, and must do the following: (1) he must either (a) submit the full initial filing and administrative fees of $400.00 for his newly opened case or (b) sign and return a financial affidavit, seeking leave to proceed IFP, [including] an authorization allowing his custodian to withdraw funds from his inmate account and a completed certificate from an authorized institutional officer regarding the current balance in that account; and (2) he must complete and submit a new complaint form." (See R&R at 4).

[5] The Court's Local Rules limit motions and briefs to twenty-five (25) pages absent prior permission of the Court. LR 7.1D, NDGa. "The court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules." Id.

[6] Plaintiffs assert that they were unable to respond to the Magistrate Judge's R&R because the copy machine was down and "the lead sovereign [was] ill with the flu creating an inability to timely respond due to illness." (See [13] at 4). In light of Plaintiffs' *pro se* status, Plaintiffs' Motion for Extension of Time [13] to file objections is granted *nunc pro tunc*.

[7] Plaintiffs "motion for both you judges [sic] recusal and you are hereby officially added as a defendant in this case because your presence is to advance the cause of the conspiracy and aid Judge Batten who knows his recusal is mandatory, [to] avoid suit." (See [13] at p. 6). It is unclear which Judge Plaintiffs refer to as "you."

On April 16, 2015, Crawford filed an Application for Post-Conviction Relief [26]. Although the Docket reflects that the Application for Post-Conviction Relief was filed by Plaintiff Crawford, the 73-page document—which is nearly incomprehensible—is actually another attempt by Plaintiffs to reiterate their general dissatisfaction with the government of the United States, the federal and state court systems, and the "continuous acts of fraud" by the judges and administration involved within. (See [26] at p. 36). In the application, Plaintiff Crawford also appears to appoint Plaintiff Cook as his legal counsel.

## II.   DISCUSSION

### A.   Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge

must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiffs' Objections are incoherent.  They do not address the Magistrate Judge's reasons for dismissing Plaintiffs' Complaint and instead consist of rambling allegations that are nearly impossible to discern.[8]  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").  These are not valid objections and the Court will not consider them.  The Court reviews the R&R for plain error.

B.   Analysis

The Magistrate Judge recommended that this action be dismissed because Plaintiffs did not file separate complaints and did not pay a separate filing fee, in violation of the Prison Litigation Reform Act of 1995 ("PLRA"), because "each prisoner must bring a separate suit in order to satisfy the [PLRA's] requirement that each prisoner pay the full filing fee."  Hubbard, 262 F.3d at 1197.  "[T]he

---

[8] For example, Plaintiffs assert that "[t]he lead sovereign acting as attorney for the Global Theocratic Common Wealth file action on all their behalf, binding them without their consent, even regard to arguing gay marriage and those non-convicted parties are not subject to plea.  The lead Sovereign by default is Chief Judge of the Global Theocratic State with power to repeal any Act of Congress or render void any law or judicial ruling . . . ."  (Obj. [16] at 4).

6

PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of a filing fee.'" Id. (citing 28 U.S.C. § 1915(b)(1)); see also Bowens v. Turner Guilford Knight Det., 510 F. App'x 863 (11th Cir. 2013) (same).[9]  Plaintiffs' case cannot proceed as a class action, and the Court finds no plain error in the Magistrate Judge's finding or recommendation that this action should be dismissed.  See Hubbard, 262 F.3d at 1197-8 (affirming dismissal of a multi-plaintiff prisoner action).

The Court finds no plain error in the Magistrate Judge's additional finding that Plaintiffs' Complaint is an impermissible "shotgun pleading" that fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.[10]  Plaintiffs' 2,087-page Complaint, accompanied by over 30 attachments and exhibits, is incoherent and devoid of any meaningful facts.  The Magistrate Judge recommended that Plaintiffs' Complaint be dismissed for this additional reason, and the Court finds no plain error in the Magistrate Judge's finding and recommendation.  See, e.g., Kabbaj v. Obama, 568 F. App'x 875, 879 (11th Cir. 2014); Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir 2008);

---

[9] The Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee."  Hubbard, 262 F.3d at 1195.

Maldonado v. Snead, 168 F. App'x 373, 377 (11th Cir. 2006); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

Because this action is being dismissed, Plaintiffs' motions seeking a ruling of law, an evidentiary hearing, and to add Magistrate Judge Anand as a party [13], are denied as moot.  Because Judge Batten recused from this action on January 30, 2015, Plaintiffs' Motion to Recuse Judge Batten is also denied as moot.  (See [17]).[11]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Extension of Time [13] to file objections to the R&R is **GRANTED *NUNC PRO TUNC***.

---

[10]   Although the Court construes *pro se* complaints liberally, Plaintiffs' *pro se* status does "not excuse mistakes [they] make[] regarding procedural rules." Nelson v. Barden, 145 F. App'x 303, 311 (11th Cir. 2005) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)) (explaining that the Court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

[11]   Plaintiffs are advised that "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates . . . ." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  If Plaintiffs choose to appoint *any* prisoner to file a Section 1983 claim on their behalf, it will be immediately dismissed without prejudice.  See Bass v. Benton, 408 F. App'x 298, 299 (11th Cir. 2011).

**IT IS FURTHER ORDERED** that Plaintiff's Objections [16] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [8] is **ADOPTED** and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Recusal, Motion Seeking Ruling of Law, Motion for an Evidentiary Hearing, and Motion to Add Magistrate Judge Anand as a Party [13] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Lawrence L. Crawford's Application for Post-Conviction Relief [26] is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED** this 8th day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE